Ardi v Miller (2025 NY Slip Op 02641)

Ardi v Miller

2025 NY Slip Op 02641

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 152085/14|Appeal No. 4266|Case No. 2024-03526|

[*1]Crocifissa Ardi, Plaintiff-Respondent-Appellant,
v
Matthew Miller et al., Defendants, BMW of North America, LLC., et al., Defendants-Appellants-Respondents.

Biedermann Hoenig Semprevivo, New York (Joseph Kim of counsel), for appellants-respondents.
The Altman Firm PLLC, Woodmere (Michael T. Altman of counsel), for respondent-appellant.

Order, Supreme Court, New York County (James G. Clynes, J.), entered on or about May 17, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Bayerische Motoren Werke AG also known as BMW AG, BMW of North America, LLC, BMW Manufacturing Co., LLC, Prestige Motors, Inc., and Prestige Motorwerks Inc. doing business as Prestige BMW (collectively, BMW) for summary judgment insofar as it sought dismissal of the design defect and breach of implied warranty claims as against BMW, and granted the motion insofar as it sought dismissal of the failure to warn claim as against BMW, unanimously modified, on the law, to deny the motion insofar as it sought dismissal of the failure to warn claim, and otherwise affirmed, without costs.
Supreme Court properly denied BMW's motion for summary judgment as to the design defect claim. Even accepting that BMW satisfied its prima facie burden on its motion for summary judgment, the affidavit of plaintiff's expert raised a triable issue of fact as to whether the vehicle was not reasonably safe because of its allegedly defective seatback (see Reis v Volvo Cars of N. Am., Inc., 73 AD3d 420, 422 [1st Dept 2010]; see generally Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107 [1983]). The expert made clear that the testing undertaken by BMW is not dispositive of the safety of its seatback design because of its limited focus on a 78-kilogram dummy; thus, the testing does not rule out that a stiffer pushrod may have protected plaintiff — who weighed far more than the dummy that BMW tested — from the injuries that she suffered in the collision. Given the expert's opinion that the vehicle was dangerous and his opinion on the feasibility of making it safer, it is for the fact-finder "to make the required risk-utility analysis whether the product was reasonably safe" (Richards v Ford Motor Co., 198 AD3d 467, 468 [1st Dept 2021] [internal quotation marks omitted], lv denied 38 NY3d 909 [2022]).
The court also properly denied BMW's motion as to the breach of the implied warranty claim because, as noted above, there is an issue of fact whether the seatback was fit for its ordinary purpose (see Denny v Ford Motor Co., 87 NY2d 248, 263 [1995]; see also Hempstead v Hammer & Steel, Inc., 234 AD3d 407, 409 [1st Dept 2025]). Insofar as the design defect and implied warranty claims overlap, that does not warrant dismissing the latter claim (see Denny at 251; Hempstead at 408-09).
However, BMW's motion should not have been granted as to the failure to warn claim. A defendant may establish its prima facie entitlement to summary judgment on a failure to warn claim by demonstrating "that any allegedly inadequate warnings were not a proximate cause of the plaintiff's injuries, i.e., that additional or different warnings would not have deterred the product's misuse" (Hempstead, 234 AD3d at 407-08). That showing may be made with testimony establishing that the plaintiff did not read instructions or [*2]an owner's manual (see id. at 408; Reis v Volvo Cars of N. Am., Inc., 73 AD3d 420, 423 [1st Dept 2010]). BMW failed to offer any such sufficient evidence here.
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025